UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC RAMOS,<br><br>　　　　　Petitioner,<br><br>　　　v.<br><br>FRESNO SHERIFF DEPARTMENT,<br><br>　　　　　Respondent. | No. 1:20-cv-00935-NONE-SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING THE CLERK OF COURT TO ASSIGN DISTRICT JUDGE FOR PURPOSE OF CLOSING CASE AND THEN CLOSE THIS CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Doc. No. 5) |

　　　　Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("§ 2254"). On July 6, 2010, he filed a petition claiming excessive force by a Fresno County Deputy Sheriff who allegedly fired a bean bag round at him during a traffic stop that resulted in his arrest. (*See* Doc. No. 1.) On July 10, 2020, the magistrate judge assigned to the case issued findings and recommendations to summarily dismiss the petition for failure to state a claim, finding that petitioner's excessive use of force claim is not cognizable under § 2254 but that it may be cognizable in a civil rights action brought pursuant to 28 U.S.C. § 1983 ("§ 1983"). (Doc. No. 5.) The findings and recommendations further found that, on the petition's face, it is not amenable to recharacterization as a civil rights action under § 1983. (*Id*. (citing *Nettles v. Grounds*, 830 F.3d 922, 936 (9th Cir. 2016)).) The

1

findings and recommendations were served upon all parties and contained notice that any objections were to be filed within twenty-one (21) days from the date of service of that order. To date, no party has filed objections.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the court has conducted a de novo review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and proper analysis.

In addition, the court declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the court finds that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the court declines to issue a certificate of appealability.

Accordingly, the court orders as follows:

1. The Findings and Recommendations, filed July 10, 2020 (Doc. No. 5), are adopted in full;
2. The petition for writ of habeas corpus is dismissed;
3. The Clerk of Court is directed to send petitioner a civil rights complaint form;

/////

/////

      4.      The Clerk of Court is directed to assign a district judge to this case for the purpose of closing the case and then to close this case; and,

      5.      The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **September 2, 2020**

                                            /s/ Dale A. Drozd
                                      UNITED STATES DISTRICT JUDGE